**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
:
**GLORIA NARCIZA-CEDENO**      :
**ARTEAGA,**      :
      :      **Civil Action No. 17-4187 (ES)**
      **Petitioner,**      :
      :
      **v.**      :      **OPINION**
      :
**RONALD EDWARDS,**      :
      :
      **Respondent.**      :
_____:

**SALAS, DISTRICT JUDGE**

Petitioner Gloria Narciza-Cedeno Arteaga ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Hudson County Correction Center in Kearny, New Jersey. On May 25, 2017, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging her detention pending removal. (D.E. No. 1, Petition ("Pet")). For the reasons stated below, the Court will deny the Petition.

## I.  BACKGROUND

Petitioner, a native and citizen of Ecuador, entered the United States on a B-2 visitor visa on November 11, 2015. (D.E. No. 4, Respondent's Answer ("Answer"), Ex. A, Record of Deportable/Inadmissible Alien at 3; Ex. B, Notice to Appear at 1). Petitioner was not permitted to remain in the United States beyond May 10, 2016, but she stayed past that date without proper authorization from DHS. (*Id.*, Ex. B at 1).

On December 6, 2016, DHS took Petitioner, who is subject to an Interpol Red Notice, into detention. (*Id.*, Ex. A at 2-3). DHS issued a Notice to Appear, charging Petitioner as removable

under 8 U.S.C. § 1227(a)(1)(B). (*Id.*, Ex. B at 1). Upon taking Petitioner into custody, ICE determined that her detention was governed by 8 U.S.C. § 1226(a). (*Id.*, Ex. C, Notice of Custody Determination at 4). On April 26, 2017, Petitioner appeared before an Immigration Judge ("IJ") for an individualized bond hearing. (Answer 2). At that time, the IJ denied Petitioner's request for a change in custody status finding Petitioner to be a flight risk. (*Id.*, Ex. D, Order of the Immigration Judge with Respect to Custody). The IJ found her to be a flight risk because Petitioner fled Ecuador after being convicted of attempted murder and being sentenced to sixteen years and eight months in prison. (*Id.*, Ex. D; Ex. A at 3). There is no indication that Petitioner ever appealed the IJ's bond determination.

On May 25, 2017, Petitioner filed the instant habeas Petition. (D.E. No. 1). She argues that she has been detained in ICE custody since December 9, 2016 without a proper bond hearing. (Pet. ¶ 13).[1] Respondent filed an Answer, arguing the Petitioner has in fact received a bond hearing and is not entitled to any further relief from this Court. (D.E. No. 4). Petitioner did not file a reply.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of

---

[1] Petitioner also raised various conditions of confinement claims, which the Court previously dismissed as improperly brought in a habeas action. (D.E. No. 2).

the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (1) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time she filed her Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); and (2) asserts that her detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

## B.   Analysis

When Petitioner was taken into custody in December 2016, she was subject to pre-final-order-of-removal detention pursuant to 8 U.S.C. § 1226(a).   Section 1226(a) authorizes the arrest, detention, and release of aliens on bond pending a decision on whether the alien is to be removed from the United States, except as provided in § 1226(c).   *See* 8 U.S.C. § 1226(a).   Section 1226(c), an exception to § 1226(a), mandates detention of specified criminal aliens during removal proceedings, provided detention does not continue for a prolonged period of time.   *See* 8 U.S.C. § 1226(c); *Diop*, 656 F.3d at 232 ("At a certain point, continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community."); *see also Nepomuceno v. Holder*, No. 11-6825, 2012 WL 715266, at *4 (D.N.J. Mar. 5, 2012) (explaining same).   A detainee held pursuant to § 1226(a) may also seek bond redetermination based upon changed circumstances.   *See* 8 C.F.R. § 1003.19(e).

Here, Petitioner is being held under the discretionary detention provision of 8 U.S.C. §

1226(a), pursuant to which she is entitled to a bond hearing, and not 8 U.S.C. § 1226(c), which requires a bond hearing only in cases of unreasonably prolonged detention.  *See* 8 C.F.R. § 1003.19(c); *Garcia v. Green*, No. 16-0565, 2016 WL 1718102 (D.N.J. Apr. 29, 2016).   Petitioner, however, has already received a bond hearing before an immigration judge, and she does not allege that the April 26, 2017 bond hearing was anything less than bona fide.   Rather, she appears to simply be dissatisfied with the result, as she is requesting that this Court grant her a low bail or release her on her own recognizance.   (Pet. ¶ 15).   This Court, however, does not have the power to second guess the discretionary decision of the IJ to deny Petitioner's release on bond.   *See Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 6, 2016) (citing 8 U.S.C. 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole.")); *see also Marroquin v. Green*, 2017 WL 4516467, at *2 (D.N.J. Oct. 6, 2017) (same); *Reeves v. Johnson*, No. 15-1962, 2015 WL 1383942, at *3 (D.NJ. Mar. 24, 2015) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp. 2d 445, 454 (D.N.J. 2004)).

Because Petitioner has received the only relief this Court can provide to her — a bond hearing before an immigration judge — the Court will deny the Petition.

## III.   CONCLUSION

For the foregoing reasons, the Petition is denied without prejudice.   An appropriate Order accompanies this Opinion.

_s/ Esther Salas_____
**Esther Salas, U.S.D.J.**